FILED

2024 Mar-04  PM 04:45
U.S. DISTRICT COURT
N.D. OF ALABAMA

### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF ALABAMA
### WESTERN DIVISION

|  |  |  |
|---|---|---|
| **TOM GRIFFIN,** | ) | |
| | ) | |
| **PLAINTIFF,** | ) | |
| | ) | |
| **VS.** | ) | **CIVIL ACTION NO.: CV-2024-** |
| | ) | |
| | ) | |
| **S.A.S. SECURITY, LLC,** | ) | |
| **and GARY D. CROCKETT** | ) | |
| | ) | |
| **DEFENDANTS.** | ) | |

### COMPLAINT

**COMES NOW** Plaintiff, Tom Griffin (hereinafter "Griffin" or "Plaintiff") by his undersigned attorney, David A. Hughes, and brings this action against S.A.S. Security, LLC (hereinafter "SAS") and Gary D. Crockett (hereinafter "Crockett") an individual and the owner of SAS for damages and other legal and equitable relief for violations of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et. seq.,* ("FLSA") and other laws.  In support thereof, the Plaintiff states the following:

### JURISDICTION AND VENUE

1.    This action is brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et. seq.*  District Court jurisdiction exists pursuant to 29 U.S.C. §§

216(b) and 217 and 28 U.S.C. § 1331. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

2.      Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b) because the Defendant is subject to personal jurisdiction in the Northern District of Alabama.

3.      At all relevant times herein, the Defendants' business activities were/are related and performed through unified operations or common control for a common business purpose and constituted/constitute an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

4.      At all relevant times herein, the Defendants employed and continue to employ persons in its place of business in furtherance of the activities of the above enterprise while engaged in interstate commerce, and, also at all relevant times herein, the Defendants engaged and continue to engage in commerce by handling, selling, and/or working on good or materials that have been moved in, or produced for, interstate commerce.

**PARTIES**

5.      Plaintiff Griffin is an adult, is nineteen (19) years of age or over, and is a resident of Tuscaloosa County, Alabama. Plaintiff performed work for the Defendants in Greene County, which is in the Northern District of Alabama. Plaintiff was an employee within the contemplation of 29 U.S.C. § 203(e)(1).

2

6.     Defendant SAS, upon information and belief, is an Alabama limited liability company that operates/operated security services, including at the Palace Bingo located at 51 County Road 220 Knoxville, Alabama 35469, where Plaintiff was assigned to work by Defendants. SAS has done so at all times relevant for the filing of this complaint, and the time periods referenced in this complaint.

7.     Defendant Crockett is, upon information and belief, a resident of Alabama and is an adult over the age of twenty-one (21).

8.     Defendant Crockett is, upon information and belief, an owner of SAS Security, LLC. At all times relevant to the claims made the basis of this suit, Defendant Crockett, acting in his capacity as owner, had operational control over the day-to-day functions of the Plaintiff, had direct responsibility for the compensation of the Plaintiff, and determined the day-to-day functions of the Plaintiff. Defendant Crockett personally had the power to hire and fire the Plaintiff, personally supervised, and controlled the Plaintiff's work schedules and conditions of his employment, personally determined the rate and method of payment to the Plaintiff as well as the Defendants' pay policies, and personally had involvement in and, to the extent that they were and are maintained, maintained the pay and employment records of the Plaintiff.

3

9. At all times material to this action, the Defendants have been an enterprise engaged in the commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

10. SAS is an interstate company whose employees are engaged in interstate commerce and whose employees handle and/or work on goods that have been moved in and/or produced in commerce.

11. At all times relative to this action, SAS has had, and continues to have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

12. At all times relevant to this action, each Defendant was an "employer" of the Plaintiff as defined by § 203(d) of the FLSA, and the Plaintiff was an "employee" of Defendants as defined by § 203(e)(1) of the FLSA.  The Plaintiff worked for the Defendants within the territory of the United States within three years preceding the filing of this lawsuit.

## STATEMENT OF FACTS

13. Plaintiff adopts by reference each and every material averment set out above as if fully set forth herein.

14. Plaintiff began working for Defendants at SAS in April of 2023 and continued working full time until on or about November, 2023.

15. Plaintiff worked for Defendants during that time in the position of security guard. Plaintiff was, at all times, a non-exempt employee per the FLSA.

16. In doing so, Plaintiff sometimes performed services that were involved in interstate commerce, and communicated data and correspondence used for direct or direct interstate transmission.

17. The Plaintiff's work for the Defendants was such that it engaged in commerce or in the production of goods for commerce and invoked individual coverage under the FLSA.

18. Plaintiff always worked a minimum of five days a week, often six days a week, and generally worked 12 hours per day, so he worked 60 to 72 hours per week.

19. Plaintiff's hourly wage was $13.00 per hour.

20. Plaintiff was compensated each week, in cash, at his regular hourly rate, for all hours worked. He never received any time and a half overtime rate for any of the hours that he worked over forty hours in any workweek.

21. As a result of the Defendants' practices, Plaintiff worked an average of 20-32 overtime hours every workweek for which he was paid straight time pay and did not receive time and a half overtime pay.

22.    As a result of Defendants' cash payment practices, they did not properly make the legally required tax, unemployment, Social Security and Medicare payments and withholdings, in contravention of Federal law[1].

23.    Plaintiff and others brought this to the attention of Crockett and complained about not getting overtime pay, however, it was never corrected. In fact, Crockett replied that he "didn't pay overtime."

24.    Throughout his employment with Defendants, and at all times relevant herein, Plaintiff worked more than forty (40) hours in a week for Defendant in each and all weeks but was not paid at a rate of at least 1.5 times his regular rate for any of the many hours that he worked in excess of forty hours in each week.

25.    At all times relevant herein, Defendants failed and willfully failed to pay Plaintiff an overtime rate of 1.5 times his regular rate of pay for the hours that Plaintiff worked in excess of forty hours a week.

### COUNT ONE – FLSA OVERTIME VIOLATIONS

26.    The Plaintiff adopts by reference each and every material averment above as if fully set forth herein.

27.    The Defendants have failed and refused to comply with the FLSA's overtime requirements by failing to pay the Plaintiff at one-and-one-half of his

---

[1] Upon information and belief, Defendants also did not pay the correct payroll taxes on the compensation to the Plaintiff and other employees.

regular hourly rate for any of the hours that he worked in excess of forty hours per week during the Plaintiff's employment as described in this Complaint.

28.    Defendants have failed to comply with the FLSA by failing to keep and maintain accurate records and information documenting the hours worked and wages earned by the Plaintiff.

29.    The Defendants' failure to pay the Plaintiff overtime pay is impermissible under the FLSA.

30.    The Defendants have failed to properly pay the Plaintiff within the last three (3) years preceding the filing of this complaint.

31.    The Defendants' willful violations have caused financial damage to the Plaintiff, consisting of loss of pay.

32.    At all material times herein, the Plaintiff has been entitled to the rights, protections, and benefits provided under the FLSA.

33.    None of the FLSA exemptions apply to the Plaintiff, who was a non-exempt employee.  Accordingly, the Plaintiff must be paid in accordance with the FLSA.

34.    The Defendants' failure to accurately pay overtime was, and is, willfully perpetrated, as shown by their cash payment practices.  The Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and, as a result thereof, the Plaintiff is

entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

35.     The Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate as well as reimbursement of his costs, attorneys' fees, and expenses incurred.

36.     As a result of these willful violations of the FLSA's overtime provisions, overtime compensation has been unlawfully withheld by the Defendants from the Plaintiff for which the Defendants are liable pursuant to 29 U.S.C. § 216(b).

## PRAYER FOR RELIEF

The Plaintiff respectfully requests that the Court grant the following relief:

A.     That the Court issue proper process to compel the Defendants to answer or otherwise plead to the allegations contained in this Complaint;

B.     That this Court award the Plaintiff the amount of his unpaid overtime wages, plus an additional equal amount as liquidated damages;

C.     That this Court award the Plaintiff judgment against the Defendants for all reasonable attorneys' fees, costs, and interest, per the FLSA's requirements;

D.     For such other and further relief as this Court deems equitable, proper, and just.

**PLAINTIFF REQUESTS A TRIAL BY STRUCK JURY**

Dated this the 4th day of March, 2024.

                                                  Respectfully,

                                                  */s/David A. Hughes*
                                                  David A. Hughes (ASB 3923-U82D)
                                                  *Attorney for Plaintiff*
                                                  Hardin & Hughes, LLP
                                                  2121 14th Street
                                                  Tuscaloosa, Alabama 35401
                                                  Telephone: (205) 523-0463
                                                  Fax: (205) 344-6188
                                                  E-mail: dhughes@hardinhughes.com

DEFENDANTS WILL BE SERVED BY PERSONAL SERVICE:

S.A.S. Security, LLC
c/o Registered Agent, Gary D. Crockett
2917 7th Street; Suite A
Tuscaloosa, AL 35401

Gary D. Crockett
2917 7th Street; Suite A
Tuscaloosa, AL 35401